HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES P. SPURGETIS, on behalf of the ESTATE OF GARY DVOJACK; SARAH DVOJACK, individually; JO & JA INC., d/b/a THE STAR TAVERN; DARYL LUND, individually; and LAURIE A. RAGER, individually<br><br>Defendants. | No. 12-cv-5731-RBL<br><br>ORDER<br><br>(Dkt. #20, 24, 35) |

During an altercation at the Star Tavern in 2010, James Abbott pushed Gary Dvojack, who fell backwards, struck his head on the floor, leaving him paralyzed. Mr. Abbott was charged criminally, but a jury found that his use of force was lawful self-defense. Mr. Dvojack's estate sued Mr. Abbott, the Star Tavern, its owner, Daryl Lund, and the bartender, Laurie Rager, in state court, a suit that is currently on-going. Here, the Star's insurer, Century Surety, seeks a declaratory judgment holding that an assault-and-battery endorsement in the Star's policy mandates a $250,000 wasting limit rather than the general $1,000,000 non-wasting limit. For the reasons stated below, Century Surety's Motion for Summary Judgment is granted.

**I.   BACKGROUND**

Although the assault-and-battery exclusion is controlled by the allegations in the underlying complaint, the parties do not dispute the general facts.

**A. Events at the Star Tavern**

On November 30, 2010, Gary Dvojack was drinking, and likely quite intoxicated, at the Star Tavern. (*See* Defs.' Resp. at 2, Dkt. #35.) The bar appears to have been otherwise empty, except for James Abbott, Trevor Johnson, and the bartender, Laurie Rager. (Ferestien Decl., Ex. D at 19 (Abbott Dep.)). In deposition testimony, both Mr. Abbott and Ms. Rager stated that Mr. Dvojack began making the crudest imaginable comments to Ms. Rager, propositioning her for sex and offering her money. (*Id.* at 20:13–17; *see also* Ex. E at 19–20 (Rager Dep.)). The comments are sufficiently offensive that they need not be repeated here.

Ms. Rager stated that Mr. Dvojack began threatening Mr. Abbott, as he perceived the latter to be a "roadblock." (*Id.*, Ex. E at 20:12 (Rager Dep.)). Mr. Dvojack briefly left the bar, but returned shortly. (*Id.*, Ex. E at 21.) After Mr. Dvojack recommenced his comments regarding Ms. Rager, Mr. Abbott attempted to call the Star's owner, Daryl Lund, but to no avail. (*Id.*, Ex. D at 22 (Abbott Dep.)). Both Abbott and Rager state that Mr. Dvojack was threatening, saying that he was going to assault Mr. Abbott and have sex with Ms. Rager. (*Id.*, Ex. D at 53:1; Ex. E. at 23:7–8). Both asked Mr. Dvojack to leave.

Mr. Dvojack was standing very close to Mr. Abbott and put a hand on or pushed him. (*Id.*, Ex. D at 53.) Mr. Abbott then pushed Mr. Dvojack, who fell backwards and struck his head on the floor. (*Id.*) The bar's surveillance video confirms this sequence of events. (*Id.*, Ex. G.)

**B. Criminal Prosecution**

Mr. Abbott was charged criminally with assault. A jury, however, found by special verdict that Mr. Abbott used lawful force to defend himself. (Ferestien Decl., Ex. H (Jury Instruction) & Ex. I (Special Verdict Form)).

**C. Civil Suit and Century Surety's Policy**

Mr. Dvojack filed a civil suit in Thurston County against the Star Tavern, Daryl Lund, James Abbott, and Laurie Rager.[1] The complaint (which underlies this declaratory action) alleges that "Abbott pushed him to the floor of the Star Tavern and inflicted a severe, permanently disabling brain injury on him." (Ferestien Decl., Ex. J ¶ 2.21 (underlying

---

[1] The suit is filed on Mr. Dvojack's behalf by his guardian and by his wife.

complaint)). Mr. Dvojack alleges Ms. Rager improperly "delegated" the job of removing Mr. Dvojack from the bar to Mr. Abbott, thereby making him an agent. (*Id.*, Ex. J ¶ 3.1.) Further, Mr. Dvojack alleges that the Star Tavern negligently hired Ms. Rager, failed to train her to protect patrons, failed to adopt appropriate policies, and is vicariously liable. (*Id.* ¶¶ 3.1, 3.4.) It is these allegations that control the operation of the policy.

In the wake of the state-court suit, Century Surety filed this declaratory action to determine the operation of the assault-and-battery provisions in the Star Tavern's policy. The general policy provides $1,000,000 coverage for "bodily injury" per "occurrence," which is defined as "an accident." (Ferestien Decl., Ex. A, Dkt. #21 at 32 (CGL policy)). The key provisions are the assault-and-battery exclusion and the limited-coverage endorsement. The exclusion bars coverage for bodily injury arising from "any actual, threatened or alleged assault or battery":

**EXCLUSION - ASSAULT AND BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
CONTRACTORS LIMITED CLAIMS MADE AND REPORTED GENERAL LIABILITY COVERAGE PART
CONTRACTORS LIMITED CLAIMS MADE GENERAL LIABILITY COVERAGE PART

1. This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:
   (a) any actual, threatened or alleged assault or battery;
   (b) the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;
   (c) the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;
   (d) the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;
   (e) the negligent:
       (i) employment;
       (ii) investigation;
       (iii) supervision;
       (iv) training;
       (v) retention;
   of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1. (a), (b), (c) or (d) above;
   (f) any other cause of action or claim arising out of or as a result of 1. (a), (b), (c), (d) or (e) above.

(Ferestien Decl., Ex. B, Dkt. #21 (assault-and-battery exclusion)). Importantly the exclusion also bars coverage for any "actual or alleged injury [that] arises out of a ***chain of events*** which includes assault or battery . . . ." (*Id.*, Ex. B. ¶ 2(b).)

Despite this exclusion, the Star Tavern obtained an endorsement that ***does*** cover assault and battery—but only to $250,000 per occurrence, a sum which is diminished by attorney's fees, also called a "wasting limit." (*See id.*, Ex. C (assault-and-battery endorsement)). The endorsement states that "[t]he specific coverage excluded under [the policy] is reinstated on a limited basis," that is, subject to the $250,000 wasting limit.[2] (*Id.*) As will be important later, the endorsement defines "assault" as "an intentional, ***unlawful*** threat of bodily harm to another under circumstances creating a well-founded fear of imminent harm." (*Id.*, Ex. C § C.1 (emphasis added)). Battery is defined as "any ***unlawful*** and unprivileged touching of another person." (*Id.*, Ex. C § C.2 (emphasis added)). The parties disagree as to whether any "unlawful" conduct occurred.

The ultimate question before the Court is whether the allegations in Mr. Dvojack's underlying complaint fall within the $1,000,000 general policy coverage or the $250,000 wasting limit. Additionally, Defendants have moved for summary judgment, arguing that Century Surety has breached its duty to defend by insisting that the $250,000 wasting limit applies.

## II.   DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary

---
[2] The endorsement provides $250,000 per occurrence with a $500,000 aggregate limit. Thus, it might be accurate to refer to a $500,000 wasting limit. However, because only one possible occurrence is at issue, the point is moot.

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Under Washington law, insurance policies are construed as contracts. *Weyerhauser Co. v. Commercial Union Ins. Co.*, 142 Wash. 2d 654, 665 (2000). A policy is "construed as a whole, with the policy being given a 'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Id.* (quoting *Am. Nat'l Fire Ins. Co. v. B&L Trucking & Constr. Co.*, 134 Wash. 2d 413, 427–28(1998) (additional citations omitted)).

> If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists. If the clause is ambiguous, however, extrinsic evidence of the intent of the parties may be relied upon to resolve the ambiguity. Any ambiguities remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer and in favor of the insured. A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.

*Id.* at 665–66 (citations omitted).

**A. Application of the Assault-and-Battery Exclusion and Endorsement**

The exclusion and the endorsement apply. Mr. Dvojack's complaint in the underlying suit alleges an intentional tort—an assault and battery. Because the policy excludes coverage of "any actual, threatened or ***alleged*** assault or battery," the Court must conclude that the policy excludes coverage of the assault and battery alleged against Mr. Abbott. (Ferestien Decl., Ex. B § 1(a) (emphasis added)). Although Mr. Dvojack's lawyers have stated, in typical legalese, that Mr. Abbott acted "negligently, recklessly or otherwise tortiously," there can be no doubt that the facts alleged support only an assault and battery—an intentional push.[3]

This same policy language lays to rest much of Defendants' argument. Defendants state that "until there is a determination that Mr. Dvojack or Mr. Abbott acted 'unlawfully,' Century is required under Washington law to defend its insured subject to the non-wasting $1 million each

---

[3] Indeed, it appears that Mr. Dvojack's lawyers have attempted to plead essentially that "plaintiff was injured in a manner covered by insurance." A court is not bound by a complaint's legal conclusions. The facts in the alleged complaint clearly make out an assault and battery and nothing else.

occurrence limit." (Defs.' Resp. at 12, Dkt. #35.)  Indeed, the parties spill a great deal of ink disputing whether an "unlawful" assault and battery necessarily occurred—whether by Mr. Abbott or Mr. Dvojack.  It is enough that Mr. Dvojack alleges an unlawful assault and battery (which he surely does—he could not recover by alleging a lawful assault, if such a thing exists).

In sum, Mr. Dvojack's complaint alleges an assault and battery; it is the act upon which all other liability rests.[4]  Because the policy excludes coverage of an ***alleged*** assault and battery, it is entirely unnecessary (and counter to the parties' agreement) to mandate coverage until a court determines whether an ***actual*** unlawful assault and battery occurred.

**B.  Defendants' Cross Motion for Summary Judgment**

Defendants argue that Century Surety breached its duty to defend by insisting that the lower, $250,000 wasting limit applies.  (Defs.' Resp. at 4, Dkt. #35.)  Further, Defendants argue that this action should be stayed because a decision from this court would prejudice the parties in the underlying tort action.

The Court finds nothing suggesting that Century Surety breached its duty.  Century Surety has thus far abided its duty to provide legal counsel and defend the action.  The Court must likewise reject the request to stay this action.  Defendants base that request on the incorrect notion that the Court must determine whether an "unlawful" assault and battery actually occurred in order to resolve these motions.

**C.  Motion for Abstention**

Defendants James Spurgetis, as guardian for Mr. Dvojack's estate, and Sarah Dvojack have moved for abstention.  The Court has reviewed the motion, response, and reply, and does not find grounds for abstention.  The motion is denied.

---

[4] While this Court does not presume to make legal findings in the state-court action, it is quite clear that Mr. Dvojack's claims of negligent hiring, training, policies, delegation of authority, and over-service all depend upon the success of the assault and battery claim against Mr. Abbott.  Specifically, if Mr. Abbott acted lawfully, there is no causation tying Mr. Dvojack's injuries to the Star Tavern's alleged negligent acts.

### III.  CONCLUSION

For the reasons stated above, Century Surety's Motion for Summary Judgment (Dkt. #20) is **GRANTED**.  Defendants' Cross Motion for Summary Judgment (Dkt. #35) is **DENIED**.  The Motion for Abstention (Dkt. #24) is likewise **DENIED**.

Dated this 12th day of March 2013.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE